IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 108-110 |
| | * | |
| ANTONIO MARCELLUS JOHNSON | * | |

ORDER

On September 17, 2009, Defendant Antonio Marcellus Johnson was found guilty by a jury on the following charges: one count of possession with intent to distribute 5 grams or more of cocaine base; three separate counts of felon in possession of a firearm and ammunition, violations of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). The drug offense conviction carried a mandatory minimum sentence of five years and a statutory maximum sentence of forty years. The § 922(g)(1) firearm convictions carried a statutory maximum of ten years for each conviction. The § 924(c)(1) firearm conviction carried a mandatory minimum of five years to run consecutive to any other term.

At sentencing, Johnson's guideline range was driven by the drug conviction as opposed to the unrelated § 922(g)(1) firearm convictions because it yielded a higher offense level. The total

offense level was determined to be 30 with a guideline range of 135 to 168 months. Johnson was sentenced to serve 160 months imprisonment for the drug charge and a concurrent term of 120 months of imprisonment with respect to the § 922(g)(1) firearm convictions. The Court also imposed the consecutive mandatory minimum term of 60 months for the § 924(c)(1) conviction. Thus, Johnson's total term of imprisonment was 220 months.

On January 11, 2012, the Court reduced Johnson's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the applicable guideline range for the drug conviction was subsequently lowered. Thus, the total offense level became 28 with an amended guideline range of 110 to 137 months. The Court therefore reduced Johnson's sentence to 130 months on the drug conviction. The 120-month concurrent sentence for the § 922(g)(1) firearm convictions and the 60-month consecutive sentence for the § 924(c)(1) firearm conviction remained unchanged. Thus, Johnson's total term of imprisonment became 190 months.

In 2012, Johnson's amended guideline range on the drug conviction was again lowered; however, the adjusted offense level fell below that of the offense level for the § 922(g)(1) firearm convictions. Accordingly, the applicable guideline range is now driven by the § 922(g)(1) firearm convictions, not the drug conviction. That is, Johnson's total offense level remains 28 (with a guideline range of 110 to 137 months) based upon the §

2

922(g)(1) convictions. For this reason, the Court denied a further sentence reduction to Johnson on April 13, 2015.

On March 18, 2019, Johnson filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 allows for a reduction of sentence based on the revised statutory penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. In other words, Section 404 of the First Step Act allows the court to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 2 of the Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses. Section 3 of the Fair Sentencing Act eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine.

In this case, Johnson's sentence is based upon his firearm convictions; thus, the First Step Act has no application to his sentence. Johnson's offense level of 28 remains 28. His amended guideline range remains 110 to 137. Thus, the Court recently denied Johnson's motion to reduce sentence based upon the First Step Act. (Doc. 213.)

At present, Johnson has filed a motion for reconsideration raising two points that warrant comment. First, Johnson points out that his 130-month sentence for the § 922(g)(1) convictions should be 120 months because of the statutory maximum of 10 years. Johnson fails to acknowledge, however, that he has <u>three</u> convictions under § 922(g)(1). The Sentencing Guidelines specifically instruct district courts to stack sentences where the guideline range exceeds the statutory maximum on a single count of conviction. <u>See</u> U.S.S.G. § 5G1.2(d) ("If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."); <u>see also</u> <u>United States v. Johnson</u>, 451 F.3d 1239, 1243 (11th Cir. 2006) (stating that § 5G1.2(d) requires that sentences run consecutively to extent necessary to reach guideline range). Thus, sentences for the <u>three</u> § 922(g)(1) convictions may be stacked to achieve the imposed 130-month sentence even though 130 months exceeds the statutory maximum of a single § 922(g)(1) conviction.

Second, Johnson takes issue with the Court's failure to reference the factors of 18 U.S.C. § 3553(a) in denying his recent § 3582 motion. Because Johnson is ineligible for a sentencing reduction under the First Step Act, there was no need for the Court

4

to consider the § 3553(a) sentencing factors. See <u>United States v. Jackson</u>, 337 F. App'x 823, at **2 (11th Cir. 2009) (citing <u>United States v. Webb</u>, 565 F.3d 789, 793 (11th Cir. 2009)).

Upon the foregoing, Johnson's motion for reconsideration (doc. 214) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of May, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA