IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO MARCELLUS JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-001 |
| | ) | (Formerly CR 108-110) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at the United States Penitentiary in Atlanta, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. nos. 4, 6, 7), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED** without appointing counsel, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

### I.   BACKGROUND

#### A.   Pretrial Proceedings

In a second superseding indictment returned on May 7, 2009, a grand jury in the Southern District of Georgia charged Petitioner and one co-defendant in a seven-count

indictment with various charges related to drug possession and distribution, as well as acquisition and possession of firearms and ammunition.  United States v. Johnson, CR 108-110, doc. no. 70 (S.D. Ga. May 7, 2009) (hereinafter "CR 108-110").  Relevant to the instant § 2255 motion, the second superseding indictment charged Petitioner in Counts Three through Five with being a felon in possession of a firearm and ammunition.  Id. at 2-3.  Each of the felon in possession charges carried a possible sentence of imprisonment of not more than ten years.  Id., doc. no. 71.  Petitioner retained attorney Jacque D. Hawk to represent him.  Id., doc. no. 33.

After the resolution of all pretrial motions, Chief United States District Judge J. Randal Hall set the matter for a jury trial in September 2009.  Id., doc. nos. 102, 120.  Prior to trial, Petitioner and the government stipulated to several facts, including that Petitioner was a convicted felon on the three dates he was charged with illegally possessing a firearm and ammunition.  Id., doc. no. 121.

### B. Trial and Sentencing

At the conclusion of a jury trial held September 14, 15, and 17, 2009, the jury returned a guilty verdict on all five counts against Petitioner.  Id., doc. nos. 134, 137, 182.  Judge Hall denied Petitioner's motions for new trial.  Id., doc. nos. 130, 141, 148.

The United States Probation Office prepared a Presentence Investigation Report ("PSI"), which provided for a Total Offense level of thirty, a Criminal History Category of IV, and a Guidelines imprisonment range of 135 to 168 months, plus a consecutive term of sixty months for conviction on Count Two, possession of a firearm in furtherance of a drug trafficking crime.  PSI ¶¶ 52, 54, 68, 92.  The felon in possession of a firearm charges carry a

statutorily authorized maximum sentence of imprisonment of ten years. 18 U.S.C. §§ 922(g) and 924(a)(2); PSI ¶ 91. Petitioner did not file any objections to the PSI. See PSI Add.; CR 108-110, doc. no. 183, pp. 4-5.

Judge Hall sentenced Petitioner to a total term of 220 months of imprisonment, comprised of 160 months on the possession with intent to distribute cocaine conviction for Count One, and 120 months to be served concurrently for the felon in possession charges in Counts Three through Five but consecutive to a sixty-month term of imprisonment on the Count Two possession in furtherance of a drug trafficking crime to the extent necessary to produce a total prison term of 220 months. CR 108-110, doc. no. 156; doc. no. 183, p. 17.

### C. Direct Appeal

Judge Hall granted Mr. Hawk's post-trial motion to withdraw, and the Eleventh Circuit appointed attorney Julie M. Wade to represent Petitioner. CR 108-110, doc. nos. 164, 176, 177. On appeal, Petitioner raised the following errors: (1) one of his felon in possession counts should have severed; (2) certain statements used against him were obtained in violation of his right to counsel under the Sixth Amendment; (3) co-conspirator statements were admitted improperly under Fed. R. Evid. 801(d)(2)(E); (4) certain government disclosures of recorded discussions were untimely; and (5) his convictions were not supported by sufficient evidence. United States v. Johnson, 450 F. App'x 878, 880 (11th Cir. 2012) (*per curiam*). The Eleventh Circuit dismissed the appeal as to the severance claim and otherwise affirmed the convictions. Id. at 881, 885-86.

While the appeal was pending, Judge Hall reduced Petitioner's sentence from 220 to 190 months in prison pursuant to an amendment to the Sentencing Guidelines and under 18 U.S.C.

§ 3582(c)(2).  CR 108-110, doc. no. 201.  Judge Hall subsequently denied several additional requests for sentence reductions.[1]  Id., doc. nos. 205, 206, 213, 215, 229, 234.

### D. § 2255 Motion

In Rehaif v. United States, 139 S. Ct. 2191 (U.S. 2019), the Supreme Court held that in a felon in possession prosecution "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200.  Prior to this 2019 decision, the government was not required "to satisfy a mens rea requirement with respect to the status element of § 922."  United States v. Rehaif, 888 F.3d 1138, 1144 (11th Cir. 2018), *rev'd and remanded*, 139 S. Ct. 2191.  The Eleventh Circuit Court of Appeals has determined the Supreme Court's Rehaif decision clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2) but did not announce a new rule of constitutional law.  In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).  The Eleventh Circuit also recognized the Supreme Court did not make the case retroactively applicable to cases on collateral appeal.  Id.

Petitioner argues he is entitled to have his three felon in possession convictions vacated in light of the United States Supreme Court decision in Rehaif.  (See generally doc. no. 1.)  Respondent moves to dismiss the § 2255 motion because the claim is procedurally defaulted, and the Rehaif error was harmless.

---

[1] Petitioner has a pending appeal of one of the Orders denying his request for a sentence reduction.  CR 108-110, doc. no. 232.

## II.     DISCUSSION

### A.     Petitioner Is Not Entitled to Appointed Counsel

As part of his § 2255 motion, Petitioner requests appointment of counsel. (Doc. no. 1, p. 4.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[i]t is well established that indigents applying for federal or state post-conviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel." Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.).

The Court does not find any exceptional circumstances justifying the appointment of counsel. McCall, 495 F. App'x at 31. Petitioner does not offer any basis for his request for appointed counsel other than to help him present his claim for relief. However, Petitioner has had no problem communicating with the Court and presenting his argument for relief, as

5

evidenced by his § 2255 motion and multiple other motions requesting relief filed in his underlying criminal case during the course of these § 2255 proceedings. Moreover, a hearing is not required because, as explained below, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). Accordingly, Petitioner's request for appointment of counsel should be denied.

### B. Petitioner Procedurally Defaulted His Rehaif Claim by Failing to Assert it on Direct Appeal

A petitioner seeking collateral relief must clear "a significantly higher hurdle than would exist on direct appeal." Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)). "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

The procedural bar to claims which could have been raised on direct appeal, but were not, may be avoided if the petitioner establishes one of two exceptions: (1) cause for the default and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, covering "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Mills, 36 F.3d at 1055-56 (citing

Murray v. Carrier, 477 U.S. 478, 496 (1986)).  "Cause" requires a showing of some external impediment that prevented a claim from previously being raised.  See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)).  "[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"  Bousley v. United States, 523 U.S. 614, 623 (1998) (citations omitted); see also United States v. Bane, 948 F.3d 1290, 1297 (11th Cir. 2020) ("[A] claim is not novel when counsel made a conscious choice not to pursue the claim on direct appeal because of perceived futility, or when the building blocks of the claim were available to counsel." (citations omitted)); Lynn, 365 F.3d at 1235 ("In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.")

To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions."  Frady, 456 U.S. at 170.  As to the exception for actual innocence, the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin v. Perkins, 569 U.S. 383, 394-95 (2013) (emphasis added).  Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623-24 (citation omitted).

Petitioner did not raise his mens rea claim at his sentencing or as one of his several claims on direct appeal set forth in Part I(C), *supra*.  Petitioner points out as justification for

7

this failure that the claim was foreclosed by Eleventh Circuit precedent before the Supreme Court's Rehaif decision. However, as explained above, that a claim was previously unacceptable to a court does not satisfy the cause requirement. Id. at 623. Moreover, the building blocks for the claim were available. Bane, 948 F.3d at 1297. As the Eleventh Circuit has explained, the Supreme Court's Rehaif decision did not announce a new rule of constitutional law but instead clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2). See In re Palacios, 931 F.3d at 1315.

Petitioner points to nothing that *prevented* him from raising what may have seemed at the time to be a losing argument. After all, as a sister circuit aptly explained, "[T]he difficulty in prevailing on a particular argument does not excuse the failure to make it in the first place." Prost v. Anderson, 636 F.3d 578, 592 n.11 (10th Cir. 2011) (Gorsuch, J.). Indeed, successfully challenging circuit precedent all the way to the Supreme Court is the reward to litigants who "took the trouble to challenge adverse circuit precedent." Id. at 590-91. As Petitioner cannot satisfy the cause *and* prejudice standard, his procedural default is not excused. See Mills, 36 F.3d at 1055.

Nor can Petitioner satisfy the rigorous fundamental miscarriage of justice exception. He presents no evidence, much less new evidence, to suggest no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt had the government been required to prove the mens rea element at trial. See McQuiggin, 569 U.S. at 386. This is particularly true in light of Petitioner's criminal history. The second superseding indictment listed Petitioner's prior felony convictions. CR 108-110, doc. no. 70, p. 2. Prior to trial, Petitioner stipulated he "was a convicted felon as charged in the indictment." Id. doc. no. 121. At trial, Petitioner provided sworn testimony he had previously been convicted of two

drug charges: possession with intent to sell cocaine and "felony possession of marijuana." Id., doc. no. 182, pp. 522-23. The PSI also detailed those two convictions and the two, concurrent five-year prison terms imposed. PSI ¶ 59. Petitioner did not object to the facts in the PSI either before or during sentencing. PSI Add.; CR 108-110, doc. no. 183, pp. 4-5. "It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006).

Petitioner never objected or otherwise expressed any surprise or confusion over his status as a felon. "Where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a Rehaif error does not affect his substantial rights." United States v. McClellan, - F.3d -, No. 18-13289, 2020 WL 2188875, at *6 (11th Cir. May 6, 2020) (citing United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019)); see also United States v. Ward, 796 F. App'x 591, 600-01 (11th Cir. 2019) (*per curiam*) (finding prior criminal history can show defendant's knowledge of status as belonging to group prohibited from possessing a firearm). Stated otherwise, a bare Rehaif claim, made in the face of an established criminal history showing a petitioner belongs to the group prohibited from possessing a firearm, does not support an actual innocence claim. See In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019); Reed, 941 F.3d at 1021-22.

In sum, Petitioner procedurally defaulted his Rehaif claim. See United States v. Sanders, No. 4:14CR81-RH-CAS, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) (rejecting § 2255 Rehaif claim as procedurally defaulted when not raised at trial or on direct appeal and petitioner failed to satisfy cause and prejudice or actual innocence exception).

### C. Petitioner Is Not Entitled to Relief on the Merits Because Omission of the Mens Rea Element Was Harmless Error

Even if Petitioner's Rehaif claim were not procedurally defaulted, he is not entitled to relief because the Rehaif error was harmless. It is long-settled that to obtain collateral relief, Petitioner must identify "a fundamental defect which inherently results in a complete miscarriage of justice, [or is] an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). On collateral review, relief cannot be granted unless there is "grave doubt" that the error "had substantial and injurious effect or influence" on the outcome of the underlying proceedings. Al-Amin v. Warden Ga. Dep't of Corr., 932 F.3d 1291, 1298 (11th Cir. 2019) (citations omitted), *cert. denied sub nom.* Al-Amin v. Ward, No. 19-573, 2020 WL 1668291 (U.S. Apr. 6, 2020). The Eleventh Circuit has explained that when applying the appropriate harmless error analysis under Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), "[i]f, when all is said and done, the [court's] conviction is sure that the error did not influence, or had but very slight effect, the verdict and the judgment should stand." Ross v. United States, 289 F.3d 677, 683 (11th Cir. 2002) (citations omitted).

Petitioner cannot shoulder his heavy burden because the uncontroverted record establishes Petitioner knew he was a felon when he possessed the firearms forming the basis of his § 922(g) convictions in Counts Three through Five. As discussed in Part II(B), *supra*, Petitioner had two prior felony convictions resulting in concurrent five-year prison terms, and Petitioner never objected to any of the information in the PSI. PSI ¶ 59; PSI Add.; CR 108-110, doc. no. 183, pp. 4-5. Petitioner also stipulated he was a convicted felon on the three dates he was charged with illegally possessing a firearm and ammunition. Id., doc. no.

121. Moreover, he testified at trial as to his prior felony convictions. Id., doc. no. 182, pp. 522-23.

That Petitioner had multiple prior felony convictions resulting in a sentence that required him to serve more than one year in prison shows he knew his status as a felon prior to his federal offense dates. See Reed, 941 F.3d at 1022 (citing eight prior felonies, stipulation to felony conviction prior to offense date, and trial testimony to show knowledge of status as felon); United States v. Caldwell, - F. App'x -, No. 18-15987, 2020 WL 914922, at *4 (11th Cir. Feb. 26, 2020) (*per curiam*) (finding no plain error affecting substantial rights on direct appeal where defendant responded affirmatively to district court questions if he knew what a felony was and if he had previously pled guilty to a felony); United States v. Green, 798 F. App'x 527, 533 (11th Cir. 2020) (*per curiam*) (finding no plain error affecting substantial rights on direct appeal after concluding prior conviction of multiple felonies and serving three-year prison sentence shows knowledge of status as a felon); United States v. Gilcrest, 792 F. App'x 734, 736 (11th Cir. 2019) (*per curiam*) (finding no plain error affecting substantial rights on direct appeal where defendant had served more than one year in prison multiple times, had a prior felon-in-possession conviction, did not object to portions of PSI recounting prior felony history, and stipulated at trial to being felon at time of offense).

In sum, pursuant to a harmless error analysis, Petitioner has not shown the Rehaif error was "a fundamental defect which inherently result[ed] in a complete miscarriage of justice," and he is not entitled to relief. See Brecht, 507 U.S. at 634 & n.8.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**

Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED** without appointing counsel, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of May, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA